Argued Case No. 21-2334, Peiritsch v. McDonough. Mr. Dohakis. Good morning and may it please the Court, Kenny Dohakis for the Appellant. I think it appropriate to begin where we ended in our reply brief, in that the Secretary asked this Court to accept that a single passage from a single report in one House of Congress should inform us what all members of Congress meant when they promulgated 5110G in 1962. But as ExxonMobil cautions, that is not how the courts are to interpret statutes, rather the actual words that were put in the statute inform us what it means. And when, as here, Congress provides an additional year of retroactive benefits for a liberalizing law, this Court must not allow the VA to invent additional restrictions that are not found in the statute. This is especially true where Congress explicitly... Can I just ask this? This is, I guess, I've been thinking about what veteran who succeeds in establishing eligibility, necessarily based on some law enacted by Congress, would not be said to have eligibility based on a liberalizing law. At some point, that law didn't exist, and then it does, and the veteran prevails under it. So that would be universal, wouldn't it, if the only focus were the substance of the law as opposed to the act of creation? No, Your Honor. I think to assuage your concerns, 1110 for combat veterans, I think it's 1131 for non-combat veterans, establishes the general requirements for establishing benefits. That you have an injury or disease in service that results in disability and you prove that they're related. So at some point, 1110 and 1131 didn't exist, and when they did exist, they were liberalizing laws. But those existed prior to 5110G, Your Honor. And so I would submit that by looking at when Congress created, as they said, a new provision of law to uniformly control effective dates, that because the amendment to 5110 came after, and two, in the 5110 itself, under subsection A, it's when the benefits manifest, facts found, or the date of application. But I don't read and I would not ever argue that every single time a veteran is entitled to or approves compensation that it's liberalized. Obviously, it cannot possibly mean that. So then the question is, what must it mean? And I guess the only real alternative that I'm focusing on is that it must mean that the enactment at the time of the enactment, either in VA or in Congress, switched an ineligibility to an eligibility. It has to be focused on the performative act of creating a new basis of entitlement at that time, because I can't think of another meaning. I don't believe so, Your Honor. And I didn't brief, and I apologize, I'm not entirely read up on what is a liberalizing law. As we mentioned in our reply brief, Ortiz dealt with that issue. But I understand liberalizing law to mean that they, in some way, make it easier to prove your benefit. But liberalizing is not in 5110G, right? No, Your Honor. It is... This is just getting benefits pursuant to an act or administrative issue. Yes, Your Honor. I mean, which if you focus only on the substance of an act or issue, is every veteran who gets benefits. Otherwise, they couldn't get benefits. I think, Your Honor, that when... Just to complete the thought, I think we're on the same page. Therefore, it seems to me it can't focus on the substance of the act or agency issue. It has to focus on the enactment, the act of creating this. I think the answer to that question, Your Honor, is that the creation... When Congress, 110 aside, the general basic principles of establishing compensation or pension or 1151DIC, other benefits, because I would argue that because those preexisted, they should not fall underneath the rubric of this statute, 5110G. But when Congress... Congress doesn't really create new entitlements. I mean, they certainly could. But I am not aware of any new entitlement to a new benefit. What they do is when they pass a new law, for instance, the PACT Act was passed in August, just a few months ago, and they've made it easier, like they did in 1116 here, for certain veterans to establish entitlement to benefits. So they've said, we don't need you to produce evidence that this occurred to you or that this disease is caused by your service. We now are just going to presume that it is. That is what we read 5110G to refer to when it says awarded pursuant to any act. Again, 1110 is the general statutory authority for establishing benefits, and that should not and cannot apply to any act as it's read in 5110G. And I would point to, Your Honor, that when we look at the statute, the rest of 5110 tells us why Congress did not intend for the veteran or the claimant to meet qualifications when the act was promulgated. And as we cited in our brief, there are numerous times when Congress wanted the veteran to file within a year of qualifying, and they said so. So B4A, pension, when an award of pension is awarded up to a year if the veteran applies within one year of such date becoming permanently disabled. B.C., Section 1151, again, that's for negligent treatment and others where the date of such injury was suffered is received within one year from such date. And 5110D, again, for a DIC application or death pension, if it's received within one year of the date of death. And then, of course, the increased rating, which we, under B2A, I'm sorry, well, the increased rating where if you file within a year of the increase or worsening, they're going to retroactively pay you back to the date of worsening. But if you wait more than a year in that case or in any of these cases, then you don't get the benefit of that. You have to have filed within that year in order to get the benefit of the retroactive benefit. So if, for instance, you had an 1151 claim and you waited three years to file the claim, you don't get a retroactive award. But if you waited 11 months or 12 months, you would get the benefit of that effective date. And that, to me, is the most compelling reason why 5110G must be read the way that we are submitting because Congress did not put in there that you have to submit or do anything within a year of anything. They just said that if it's awarded and pursuant to the act, then they're going to pay you back up to a year, but no earlier than the act itself. And that's, of course, assuming within the general restrictions of in accordance with the facts found, which, as we've talked about in our briefing, although this court has not yet interpreted what that means, we think that we said that it's basically when the disability manifests itself. So you have to have the impairments present in order to qualify for payment at that time. I know this is a slight detour. In some areas of law that I once knew a tiny bit about, there are incredibly important differences between having an injury and it manifesting. Is that of any relevance here? It is, Your Honor. And as we talked about in our brief, so... Or having, let's say here, having a disability and it manifesting. Is that... I think under this court's precedent in Saunders, that disability cannot exist unless it's manifesting. There has to be an impairment. That's how we have, or this court has equated or defined disability to be an impairment. So turning to the language of the statute, or back to the language, the only restriction is that the award must be pursuant to the act or the administrative issue. And the secretary really does their best to try to cram in a lot into these two words. But if you look at what those two words mean, Black's Law Dictionary defines pursuant to, to mean, and they list several different examples, but in compliance with, in accordance with, as authorized by. And we think that that's a common sense meaning. Webster's has a similar... They don't have pursuant, but the pursuant to is as a synonym according to. And we think, again, that's a common sense interpretation. Tell us how this applies in this case. So that's the restriction, Your Honor, pursuant to. So long as the award is made pursuant to, the government argues that those two words mean that at the time the act was made, the veteran, the claimant has to have qualified for the benefits. And how does it apply to this veteran? So this veteran was awarded based on 1116 and the new presumptions that were afforded to him from Congress. He's a Vietnam veteran. The 1116 presumes that he was exposed to herbicides and that his cancer is related to that exposure. And more importantly, as we talked about, that it was, that his disease, the cancer itself, was incurred during his service in Vietnam. I... It seemed to me that this was what was this all about. Is there something special, something unique about this, the enactments that related to herbicide exposure and the presumption that the illness, the disability was incurred perhaps years, many years, decades before anything became manifest? Are you arguing that there's anything different about that? I think in the facts of this case, yes, Your Honor. I think because of the nature of the herbicide presumptions and the 1116, and incidentally 1117 and some of the Gulf War, the new PACT Act uses similar language where the disease is presumed to have been incurred during service. And that's taken right from the statute, shall be considered to have been incurred in or aggravated by such service. And incurred, as we talked about in our brief, means it happened, essentially, is the easy way to describe that. Now, we recognize that he, the VA has the option under 1113 to rebut that presumption. They didn't necessarily do that. They just awarded his benefits without really trying to establish when the prostate, whether the prostate cancer was incurred. We're not suggesting that they should. But the incurred, I'm sorry, the pursuant to language, again, common sense, plain meaning, looking primarily to blacks as authorized by, in accordance with, or in compliance with. I see I'm into my rebuttal time. So if there are no other questions, I'll preserve the rest of my time. Let's hear from the other side. Mr. Codd. I may have pleased the court. This court should decline Mr. Parich's invitation to strike down section 3.114A. The VA's regulation gives effect to 5110G's statutory limitation by granting an earlier effective date only when the enactment of the liberalizing ACRA administrative issue makes the veteran newly eligible for a benefit. This court should uphold section 3.114A, just as it did in Evans and affirm the veteran's court's decision. Is there any difference between saying that if we were to say the statute itself does not apply unless the condition, the disease was, the disability was made the difference between ineligibility and eligibility? Do we need to say anything about the regulation? I haven't figured out whether there's, that's the only thing that would matter in this case. Is there more in the regulation that we would somehow, that you're asking us to bless? I don't think so, Judge Toronto. So Mr. Parich is asking this court to strike down the regulation. Our position is that the only reasonable way to interpret the statute is that which is reflected in the regulation, which I think is consistent with what your honor just said. Does the regulation require more than what I just said, which I said something only about what was true on the date, on the effective date of the, let's just call it a liberalizing law without getting into what that about continuation of the disability until the time of the claim. We don't have to worry about that. That's not an issue in this case because Mr. Parich does not contend that he could meet the first part, which is that the disability had been manifest at the time of the statute, the statutes or the regulations enactment. So in that sense, I don't think the court needs to go any further to consider the second portion of the regulation, which isn't an issue here. From what you say, there's no circumstance in which the one year would apply. Is that right? Try to understand. It seemed to me this was specific to 5110G and herbicide exposure. So you're saying that that should not be treated any differently from anything else? So 5110G applies to the presumption created in 1116 dealing with herbicide exposures in the same way that it applies to other liberalizing statutes. So 1116 is an example of a liberalizing statute. There are other liberalizing statutes. And our position is that just as with any other at the time of enactment to be eligible for this additional year under 5110G. So in that sense, there's nothing distinctive about 1116. The focus on the word incurred is not relevant in that the definition of service connection that Congress gives in section 101 parentheses 16 also uses the word incurred. That's talking about service connection, which is a separate element from effective date. So the focus on the word incurred is misplaced in our view. The question is whether the pursuant to any active administrative issue limiting threshold requirement for section 5110G is satisfied here. And it's not. And that's why the secretary should prevail here. I'd also direct the court's attention to Ortiz, which came up only briefly. It's entirely consistent with our argument. Ortiz's construction or description of the legislative history is, we agree with it entirely. Ortiz said the purpose of 5110G was to give claimants a brief extra period, become aware of a change. That purpose would not make sense if you're talking about a claimant who wasn't eligible at the time of the change. And Ortiz quotes some of the same legislative history that we rely on. So in your view, is there any relation to the presumption of service connection for herbicide is recognized? It looked on the face of it as if there was some particular consideration that was being given to the nature of the disease that takes so long to become manifest, but now by statute existed at the time of exposure. Right. So 1116 was the goal. The goal of it was to that we're attempting to connect with medical evidence, the exposure that veterans had in Vietnam to later disabilities. And what Congress did was say, we're not going to require each individual veteran to show evidence of that medical, complicated medical relationship. We're going to make it easier for veterans by creating this presumption of service connection. What that presumption said is that when a disability such as prostate cancer later manifests itself, we're going to make it easier for veterans to show that the ultimate origin of that disability was service connected. There's a presumption of exposure to herbicides if you served in Vietnam, and there's a further presumption of service connection once you have that exposure. I read it that way, but doesn't that fit with the one year retroactivity for that class of claimant? Well, only for those whose disability had manifested itself at the time of the enactment of the... What do you mean by manifested? By the time a particular cancer or prostate cancer is diagnosed, it's been there for quite a while. So what do you mean by manifested itself? There has to be medical evidence. So in the case of prostate cancer, it's a malignant tumor. That's the distinguishing feature of prostate cancer. There has to be medical evidence of that malignant tumor existing. That's how... In this case... I mean, two things. What if the medical evidence comes in year 15 and the medical evidence says in year one you had it? Which date counts? That would be a different case. So Evans has a footnote talking about this in the context of PTSD. What Evans said is you don't need to have been diagnosed with PTSD, but you need to have had symptoms of PTSD at the time of the enactment. But would that indeed be different? Isn't that the very distinction that this statute is trying to draw? Say, you can go back one year, no more, even though you obviously, by the time the cancer is diagnosed, it's been growing for a while. No, Your Honor. I don't think so. I think what the... Well, there are two different statutes. There's 1116 and there's 5110G. So what 1116 was trying to accomplish only related to service connection. 1116 could have said something about earlier effective dates for diseases that take a long time to develop. Well, it does. It says you can't have an earlier effective date, but you can have one year. Well, that's what 5110G says, which was enacted decades before. So we don't think that 5110G was trying to change the way effective dates were calculated for long running diseases or for long, slow developing diseases. We're saying 5110G was thinking about a different problem, which is veterans who perhaps you have prostate cancer. Take this example. You have prostate cancer in 1993 after serving in Vietnam. You look into applying for benefits for service connection, think that the evidentiary hurdle is too high to overcome and kind of put it aside. And then decades later you learn, wait, the standard has been liberalized now. In that case, we think it's unfair to claimants to make them realize right away that there's been a change in law. They might've looked into it beforehand and given up. That's the extra years intending to cover. That's distinct from the situation of slow developing diseases, which arise in other contexts. It's not just prostate cancer. It's other types of cancer. It's arthritis. And there hasn't been an indication that those types of diseases that Congress is trying to change the general rule that before a disability manifests itself, if there's some indication that the disease has been growing for a long time, it just hasn't manifested itself, that an earlier effective date should apply. The general purpose of compensating disabilities is to rectify functional impairment of earning capacity. And there's no indication of any, in the case of somebody like Mr. Payrevich or somebody who's similarly situated, there's no indication, certainly in this record, of anything before 2011 of any manifesting of the disease. So when would the one year apply? So the one year, and generally, the one year would apply to the fact pattern that I alluded to earlier. A veteran who has prostate cancer in 1993 after serving in Vietnam, 1996, there is this new regulation, this liberalizing regulation. If that veteran, he or she applies any time after 1996, so long as they were eligible in 96, which under my hypothetical, they would be and remain continuously eligible, then they would get that extra year of back benefits. One year. They couldn't go back to 1993, right? Correct. You don't see the one year as an attempt of the government to limit claims or to enlarge an opportunity? So the one year, yes, it's only one year, if that's your honest question. It can't go back, the effective date of the liberalizing enactment. So if you apply... Then why can't you get at least up to one year? I'm sorry, Your Honor? Why can't you get... It works both ways, does it not? You can't go back more than one year. At the same time, if you have an illness that obviously you've had longer than the day you eventually went to see a service-side exposure context, where by definition and by statute, entitlement goes back to your service in Vietnam? So to be precise, by statute, your service connection, the service connection of the disease or excuse me, the service connection of the disability goes back to your Vietnam service in the sense that there's a presumption that the disease was incurred in Vietnam. But again, that only relates to service connection. It says nothing about the effective date, which is determined pursuant to a separate statute and a separate regulation. So again, our position is that 1116 doesn't affect the effective date at all. And the one year limitation that's set forth in 5110G, it's also implemented by the VA and its regulation. And so too is the limitation that you can't go back past the effective date of the liberalizing statute. Ultimately, in a situation like Mr. Paradich, he is similarly situated to other claimants who fall under the default rule in that when he was diagnosed with liberalizing change. So he could have identified his eligibility for proceeding under this theory just like any other claimant could have. The anomaly of his argument is that if we compare Mr. Paradich to somebody who proceeds under the traditional 1110 theory of service connection, that person is going to have a harder time establishing service connection. They're going to have to present medical evidence of service connection, but they're still not going to be Mr. Paradich is entitled to. And that would be an arbitrary distinction, even accepting Mr. Paradich's limiting framework whereby pre-1962 versus post-1962 would still entitle anybody post-1962 who proceeds under a theory that was first created post-1962 to recover an additional year of benefits more than somebody who actually has to prove service connection under 1110. And we submit that that's not a reasonable construction of the statute once all the traditional tools of statutory interpretation are applied. Happy to address any other questions the panel has. If not, we ask that the court confirm. Thank you. I have a lot to go through, so hopefully I can get it all in. Number one, I want to address Judge Newman's line of questioning about whether herbicides are important in here. And I point to the fact that, as the government can acknowledge, for cancer, it's when you have the cancer. Because just having the cancer is a total rating under any circumstance. And 1116, as Judge Newman pointed out, does much more than what the government is saying. It's not a presumption of service connection. It is the shall be considered to have been incurred in such service. Such service referring to Vietnam or other locations, depending on where the veteran was. And so the distinction and the importance of Vietnam in 1116 is that the disease is concurred in service. So that's why this rule applies, particularly with herbicide-related diseases. Turning to the concern about giving them time to apply, Mr. Perch could have applied at any time between 2011 and 17 when he was diagnosed. There's no reason in the words of the statute that he should be precluded from benefiting from this because he wasn't diagnosed in the 1990s when the law was added in. Turning to the legislative history that the government cited, they left out quite a bit. I'm running short on time, but I do a new provision of law which will provide a uniform rule governing effective dates. That was the intent of the new rule, where liberalizing laws or administrative issues are enacted or promulgated. They pointed out that prior to this, each law had its own effective dates, so there was a mismatch of effective dates and they wanted to make it uniform. And it concludes with this subsection that this would permit payment from the effective date if it is filed within a year thereafter, speaking about the law, or for a period of a year prior to the claim if it is filed at a later date. There's nothing in the words of the statute or even the legislative history, the Senate report that the government cited to, that says you have to have qualified and known about your qualification at the time the law was passed. It very clearly says if it's has argued, is found in the statute. It doesn't say anything that they have. All that they can hang their hat on are two words pursuant to which we would ask the court to find qualifies misapproach and to invalidate the regulations requirement that are not found in the statute. Thank you very much. Thank you both. The case is taken under submission.